**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reginald Winston, </br></br>  Plaintiff, </br></br> vs. </br></br> City of Casa Grande, </br></br>  Defendants. | No. CV-05-3986 PHX-DGC </br></br></br> **ORDER** |

Plaintiff's counsel has filed a motion to withdraw from her representation of Plaintiff in this case. Dkt. #31. The motion follows other communications in which counsel indicates that she has been unable to communicate with Plaintiff for some time, despite diligent efforts. Dkt. #28. In addition, counsel for Defendant has noted that Plaintiff has failed to comply with his discovery obligations.

On March 11, 2008, the Court scheduled a hearing for March 18, 2008, to consider the motion of Plaintiff's counsel to withdraw. Dkt. #33. The order specifically stated that Plaintiff was to appear at the hearing. *Id.* When Plaintiff failed to appear as required, the Court stated that it would give Plaintiff one additional opportunity to comply with the Court's order. If Plaintiff failed to comply, the Court would dismiss this case.

As a result, the Court entered an order on March 20, 2008, setting a hearing for April 2, 2008. The order specifically required Plaintiff to appear at the hearing. The order further stated that "[f]ailure of Plaintiff to comply with the Court's order may result in dismissal of this case." *Id.* A copy of the Court's order was mailed to Plaintiff's residence.

1  In addition, the Court's staff called the residence and left a message with an individual who
2  identified himself as the adult son of Plaintiff.  The message was that Plaintiff had missed a
3  hearing on March 18, 2008, and was required to appear at the hearing on April 2, 2008.
4  Plaintiff did not appear at the hearing on April 2, 2008.

5  The Ninth Circuit has developed "a five-part 'test' to determine whether a dismissal
6  sanction is just: '(1) the public's interest in expeditious resolution of the litigation; (2) the
7  court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions;
8  (4) the public policy favoring disposition of cases on their merits; and (5) the availability of
9  less drastic sanctions.'" *Valley Engineers, Inc. v. Electric Engineering Co.,* 158 F.3d 1051,
10 1057 (9th Cir. 1998) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)); *see also*
11 *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  "[W]here a court order is
12 violated, factors 1 and 2 support sanctions and 4 cuts against case dispositive sanctions, so
13 3 and 5 . . . are decisive."  *Valley Engineers*, 158 F.3d at 1057.  Factor 5 "involves
14 consideration of three subparts: whether the court explicitly discussed alternative sanctions,
15 whether it tried them, and whether it warned the recalcitrant party about the possibility of
16 dismissal."  *Id.*

17 Considering this five-factor test, the Court concludes that dismissal is an appropriate
18 sanction in this case.  The public's interest in expeditious resolution of litigation and the
19 Court's need to manage its docket require action when a plaintiff refuses to prosecute a case.
20 In addition, Defendant will be subject to prejudice if a sanction of dismissal is not imposed.
21 Defendant is unable to move forward with its defense of this case, to obtain relevant
22 discovery, or even to engage in settlement discussions.  Dkt. # 28.  Finally, the Court has
23 considered less drastic sanctions, but none is apparent.  Plaintiff will not communicate with
24 his counsel, will not provide needed discovery, and refuses to appear at court hearings even
25 when ordered.  The only possible resolution of this problem is to dismiss Plaintiff's case.

26 **IT IS ORDERED:**
27 1.     The motion of Plaintiff's counsel to withdraw (Dkt. #31) is **granted.**
28 2.     Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this case is

1  **dismissed**.

2  3.  The Clerk shall **terminate** this action.

3  DATED this 2nd day of April, 2008.

_____
David G. Campbell
United States District Judge